**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **FELICIA WASHINGTON ROSS,** *pro se* | ) | **CASE NO.**   5:22-CV-871 |
| | ) | |
| **Plaintiff,** | ) | **JUDGE** |
| | ) | |
| **vs.** | ) | |
| | ) | **DEFENDANT'S NOTICE OF REMOVAL OF** |
| **PATH MASTER, INC.,** *et al.,* | ) | **CIVIL ACTION FROM STATE COURT TO** |
| | ) | **FEDERAL COURT** |
| **Defendants.** | ) | |

PLEASE TAKE NOTICE that Defendant Path Master, Inc. ("Defendant" or "Path Master"), by and through its undersigned counsel, hereby removes this entire action from the Summit County Court of Common Pleas, Case No. CV-2022-04-1173, to the United States District Court for the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

In support of this Notice of Removal, Defendant Path Master states as follows:

1.      On April 14, 2022, *pro se* Plaintiff Felicia Washington Ross ("Plaintiff") filed this employment-related action captioned *Ross v. Path Master, Inc., et al.* in the Summit County Court of Common Pleas, Case No. CV-2022-04-1173.   Plaintiff's Complaint is 27 pages and consists of one continuous unnumbered paragraph.  In the caption, the Complaint identifies Defendant as "Path Master, Inc. et.al [sic] 1960 Midway Drive, Twinsburg, Ohio 44087."  Just below the caption, the Complaint lists eight current or former employees of Defendant Path Master ostensibly as additional Defendants.

FP 44091393.1

2.      A copy of the Summons and Complaint Plaintiff filed in the State court action was served upon Defendant Path Master on April 27, 2022.  A true and accurate copy of the Summons and Complaint is attached hereto as composite **Exhibit A.**

3.      According to the docket in the State court action and based upon information and belief, no other ostensible Defendant in the State court action has been served with Summons and the Complaint, including none of the eight current or former employees of Path Master identified below the caption of the Complaint.  Since none of the ostensible individually-named Defendants have been served and joined in this action, none of those individual's consent is required to remove this action.  *See*, 28 U.S.C. § 1446(a)(2)(A)("[a]ll defendants *who have been properly joined and served* must join in or consent to the removal of the action.")(emphasis added); *see also*,  *NYCB Mortgage Company, LLC v. Capital Financial Mortgage Corp.*, 2014 WL 535706, * 2 (N.D. Ohio, February 6, 2014) ("Unanimity is not required where:  . . . the non-joining defendant has not been served with process at the time the removal petition is filed . . . .")(citations omitted); *Patchin v. Gulfport Energy Corp*, 2017 WL 2569756, *3 (S.D. Ohio, June 14, 2017)("Because Patriot was an unserved Defendant at the time of removal, its consent was not required to remove this action.").  Moreover, upon information and belief, Defendant Path Master states that the eight individuals listed below the caption of the Complaint, all of whom are current or former employees of Path Master, would be agreeable to removal.

4.      No pleadings or orders have been filed, entered, served, or purportedly served upon Defendant Path Master in the State court action other than Summons and the Complaint.  According to the State court docket, Plaintiff filed the following documents in the State court action:  instructions to Clerk for service, case designation form, and Poverty Affidavit.  The docket

in the State court action further indicates the Poverty Affidavit that Plaintiff filed requested permission to proceed *in forma pauperis*, and her request was granted by the State court.  A true and correct copy of the State court docket and the Poverty Affidavit that was granted by the State court is attached hereto as composite **Exhibit B**.

5.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is being filed within 30 days from the date on which Defendant Path Master was served with Summons and a copy of the Complaint.

6.      Plaintiff is a former employee of Defendant Path Master whose Complaint attempts to assert myriad employment-related claims against Path Master.  For instance, Plaintiff's introductory sentence [sic throughout] states that, "Felicia Washington Ross, former employee, a religious black woman (person), who was engaged in a protected activity with a former employer, she was subjected to violations ORC (4112.02) unlawful discriminatory practices, by Path Master Inc. and it's employees." *See*, Complaint, p. 1.  She then states in the second sentence of her Complaint [sic throughout] that, "Plaintiff was retaliated against (O.R.C. 4167.13) and discharged without just cause, for reporting a hostile offensive work environment, workplace harassment, threats of violence, stalking, discrimination (religion) (race) (she's angry) slander Ben Cefalo a employee (temp) in her head, in her mind, she's violent, her thoughts were violent, she hit me) Ethnic intimidation (O.R.C. 2927.12) he deformatory ran and said OUCH OUCH! Bill!  she's hitting me, she's hitting me to Bill the tech supervisor (Defamation of Charector) (slander) ORC 2739.01 racial slurs, deceit and lies." *Id*. at pp. 1-2.

7.      Plaintiff's employment with Defendant Path Master is the common thread running through all of the claims she attempts to assert in her Complaint as evidenced by allegations she

3

intersperses throughout her Complaint relating to "unlawful discriminatory practices," "work place harassment," "discrimination," "retaliation," "unlawful employment practices," violations of "the health and safety . . . of Plaintiff," "hostile work environment," "unequal employment opportunities," and being "wrongfully terminated." *See, generally*, Complaint. Plaintiff also states on the last page of her Complaint that, "Path Master knew about the behavior and refused to intervene. Plaintiff was frightened, and fear of her life, humiliated and embarrassed. Path Master's conduct was Felicia's distress, [sic] They were complicite [sic], there was conflicts of interest, abuse of power, illegal and unethical behavior in the workplace, improper conduct, workplace health and safety violations, negligent hiring and retention, negligent supervision, hostile work environment, harassing, discrimination, which lead [sic] to retaliation with wrongful termination." *Id.* at p. 27. In the penultimate sentence of the Complaint, Plaintiff alleges that, "Plaintiff is seeking personal relief, punitive damages, compensatory damages, emotional distress for stalking, retaliation, discrimination and wrongful termination." *Id.* Thus, Plaintiff's employment with Defendant Path Master and separation therefrom and Path Master's and its employees alleged harassment, discrimination, retaliation, and other alleged improper or unlawful conduct toward Plaintiff form the common nucleus of operative facts relative to all matters Plaintiff asserts in her Complaint.

8. Although Plaintiff's 27-page, one-paragraph Complaint is a veritable stream of consciousness with allegations ranging from unintelligible to fantastical, she references throughout her Complaint various iterations of multiple federal statutes upon which she apparently bases her employment-related claims, including the "Lilly Ledbetter Fair Pay Act of 2009," the "equal pay Act 1963 [sic]," "violations of OSHA hazard (lack of general duty clause),"

4

"Title VII of the Civil Rights Act 1964 Equal Opportunity Employment [sic]," "discrimination violations of Civil Rights Act 1964 [sic]," and "discrimination intimidation violations of the Civil Rights act of 1964 [sic]." *See*, Complaint, pp. 5, 9, 15, 16, 23, and 25.

9.      Under 28 U.S.C. § 1441(a), "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  A category of cases over which the United States District Courts have original jurisdiction is federal question cases – those cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Hence, this Court has original jurisdiction over Plaintiff's claims alleging violations of the "Lilly Ledbetter Fair Pay Act of 2009," the "equal pay Act 1963 [sic]," "violations of OSHA hazard (lack of general duty clause)," "Title VII of the Civil Rights Act 1964 Equal Opportunity Employment [sic]," "discrimination violations of Civil Rights Act 1964 [sic]," and "discrimination intimidation violations of the Civil Rights act of 1964 [sic]."

10.     A district court also has "supplemental jurisdiction over all claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy . . .".  28 U.S.C. § 1367(a).  Federal law claims and state law claims are deemed to be part of the same case or controversy if they "'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349, 108 S. Ct. 614 (1988).

11.     While Plaintiff's 27-page, single paragraph Complaint is far from a model of clarity, it is evident she is attempting to assert Ohio statutory and common law claims against Defendant Path Master arising out of, and related to, her employment with Path Master, including claims

5

for alleged employment discrimination, harassment, retaliation, and defamation.  For instance, the laundry list of Ohio statutes she references in her Complaint include Ohio Revised Code § 4112.02, Ohio Revised Code § 4101.11, and Ohio Revised Code § 4101.12, all of which pertain to the employment relationship.  The other Ohio statutory and common law references in Plaintiff's Complaint relate to acts or events that allegedly occurred during Plaintiff's employment with Path Master, affected the terms and conditions of her employment, were directed at her based on her status as an employee of Path Master, were carried out by Path Master employees, etc.  Hence, Plaintiff's Ohio statutory and common law claims and her federal law claims all relate to, and derive from, the same common nucleus of alleged facts and events such that this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  This entire action, therefore, is removable to this Court pursuant to 28 U.S.C. § 1441(b).

17.     Venue is appropriate in this Court because the U. S. District Court for the Northern District of Ohio encompasses Summit County, Ohio, which is where the State action is pending, and Summit County is within the Eastern Division of this District.

18.     As required by 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy with the Summit County Court of Common Pleas.  *See*, **Exhibit C**, Notice to State Court and Plaintiff of Filing of Notice of Removal to Federal Court.

19.     Defendant submits this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

6

WHEREFORE, Defendant Path Master, Inc. hereby removes this entire case from the Summit County Court of Common Pleas to this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

Respectfully submitted,

/s/ *Robert E. Dezort*
Robert E. Dezort (0059688)
Anthony D. Dick (0084913)
Fisher & Phillips LLP
200 Public Square, Suite 4000
Cleveland, OH 44114
Telephone:  (440) 838-8800
Facsimile:  (440) 838-8805
rdezort@fisherphillips.com
tdick@fisherphillips.com

*Counsel for Defendant Path Master, Inc.*

FP 44091393.1

**CERTIFICATE OF SERVICE**

This is to certify that on May 25, 2022 a copy of the foregoing *Defendant's Notice of Removal of Civil Action from State Court to Federal Court* was filed electronically.  In addition, on May 25, 2022, a copy was served on Plaintiff via Ordinary U.S. Mail at the following address:

Felicia Washington Ross, *pro se*
97 E. Interstate
Bedford, OH 44146

/s/ *Robert E. Dezort*
Robert E. Dezort

FP 44091393.1