UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FELICIA WASHINGTON ROSS, | ) | CASE NO: 5:22-cv-00871 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| PATH MASTER, Inc., et al. | ) | |
| | ) | **(Resolves Doc. 4)** |
| Defendants. | ) | |

Pending before the Court is a motion to dismiss filed by Path Master, Inc., et al. ("Defendants"). Doc. 4. Upon review, the motion to dismiss for failure to state a claim on which relief can be granted is GRANTED in part and DENIED in part.

I.    **Factual Background**

Pro se plaintiff, Felicia Ross ("Ross" or "Plaintiff") filed this action on April 14, 2022 in the Summit County Court of Common Pleas against her former employer, Path Master, and eight named individuals who appear to be current or former Path Master employees. These eight named individuals were not served, and upon review, these individuals are hereby dismissed pursuant to 28 U.S.C.§ 1915(e).[1] On May 25, 2022, Path

---

[1] Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

  The Sixth Circuit Court of Appeals has held that "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Wathen v. Gen. Elec. Co*., 115 F.3d 400, 405 (6th Cir.1997); see also *Ulmer v. Dana Corp*., 115 F. App'x 787, 788 (6th Cir. 2004) (Title VII does not encompass claims against supervisors in their individual capacities); *Thanongsinh v. Bd. of Educ*., 462 F.3d 762, 771 (7th Cir. 2006) (recognizing that Title VII claim against individual supervisor is redundant and synonymous with claim against employer).

Master removed the action to this Court. Path Master moved to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

II.     **Motion to Dismiss**

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. c. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id*. at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual

---

Accordingly, defendants Stacy Shanley, Bill Dinda, Ben Stidd, Larissa Mlynowski, Ben Cefalo, Stephen Manila, Dennis Monson, and Marilyn Pugh are **DISMISSED** pursuant to 28 U.S.C. § 1915(e), and the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from their dismissal could not be taken in good faith.

allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id*. Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

The Court need accept only the complaint's well-pleaded factual allegations as true. *Nwanguma v. Trump*, 903 F.3d 604, 607 (6th Cir. 2018). "[L]egal conclusion[s] couched as factual allegation[s]," on the other hand, "need not be accepted as true." (citing *Twombly*, 550 U.S. at 555). After legal conclusions are disregarded, the complaint must set forth facts that "raise a right to relief above the speculative level." *Id.*

### III. Analysis

Because Plaintiff is pro se, the Court has endeavored to identify some substance in her complaint. *See Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) ("The appropriate liberal construction requires active interpretation in some cases to construe a pro se petition to encompass any allegation stating federal relief.") (internal quotation and citation omitted). In the opening paragraph of her complaint, Plaintiff alleges

> Felicia Washington Ross, former employee a religious, black women (person), who was engaged in a protected activity with a former employer, she was subjected to violations ORC (4112.02) unlawful discriminatory practices, by Path Master Inc and it's employees. Plaintiff was retaliated against (O.R.C 4167 .13) and discharged without just cause, for reporting a hostile offensive work environment, workplace harassment, threats of violence, stalking, discrimination (religion) (race) (she's angry) slander Ben Cefalo a employee (temp) in her head, in her mind, she's violent, her thoughts were violent, she hit me) Ethnic Intimidation (O.R.C 2927.12) deformatory) he ran and said OUCH OUCH! Bill! she's hitting me, she's hitting me to Bill the tech supervisor (Defamation of Character) (slander) ORC 2739.01 racial slurs, deceit and lies.

Doc. 1-2, p. 2-3.

3

Plaintiff bases her employment related claims on various federal statutes, including the "Lilly Ledbetter Fair Pay Act of 2009," the "equal pay Act 1963 [sic]," "violations of OSHA hazard (lack of general duty clause)," "Title VII of the Civil Rights Act 1964 Equal Opportunity Employment [sic]," discrimination violations of Civil Rights Act 1964 [sic]," and "discrimination intimidation violations of the Civil Rights act of 1964 [sic]." Doc. 1-2, pp. 5,9, 15, 16, 23, and 25.

### a. Race, Sex, and/or Religious Discrimination (Title VII; ORC 4112)

To survive a motion to dismiss a Title VII[2] claim, Plaintiff need only plead non-conclusory allegations establishing "(1) membership in the protected class, (2) specific adverse employment taken against [her], and (3) instances in which [she] was treated less favorably than others not in the protected class." *Warner v. Amazon.com Services LLC*, No. 1:21-CV-1885, 2022 WL 2342658 at *6 (N.D. Ohio June 29, 2022) (citing *Lee v. Vanderbilt Univ.*, No. 3:20-CV-00924, 2022 WL 1094654, at *11 (M.D. Tenn. Apr. 12, 2022; *James v. Hampton*, 592 F. App'x 449, 461 (6th Cir. 2015)).

Plaintiff summarily states that she, "a black religio[us] woman" was told she did not fit in and was subject to discrimination that was "racially motivated and gender discrimination," she does not allege with any factual detail that she suffered an adverse employment action that was improperly motivated by her race, gender, and/or religion. That is, she does not allege any specific facts linking the claimed discriminatory conduct to her race, sex, or religious beliefs. *Pedreira v. Kentucky Baptist Homes for Children, Inc.*, 579 F.3d 722, 728 (6th Cir. 2009).

---

[2] Title VII and Ohio Revised Code Chapter 4112 are analogous and therefore are analyzed under the same framework. *Kudla v. Olympic Steel, Inc*., 2014 Ohio App.LEXIS 5003 (8th App. Dist. 2014).

4

Further, Title VII and similar laws protecting civil rights are not meant to set a general civility code for the workplace. *Ceckitti v. City of Columbus, Dept. of Pub. Safety, Div. of Police*, 14 F. App'x 512, 518 (6th Cir. 2001) ("Title VII was not meant to be, and Courts must ensure that it does not become a 'general civility code.'") (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998)). "In other words, the conduct of jerks, bullies, and persecutors is simply not actionable under Title VII unless they are acting because of the victim's [protected status]." *Wasek v. Arrow Energy Servs., Inc.*, 682 F.3d 463, 467 (6th Cir. 2012); *see also Hoffman v. Saginaw Pub. Sch.*, No. 12-10354, 2012 WL 2450805, at *1 (E.D. Mich. June 27, 2012).

Throughout her complaint, Plaintiff alleges to various perceived plots against her by her coworkers. For example, she complains that

> "Path Master employees never wanted the plaintiff to work there, none of them; they gave her mean and dirty looks daily; they made it known we want Marilyn (conflict of interest) back, you don't fit, so they chose to create a hostile environment, discriminate, harass, intimidate and stalk which violated plaintiff[']s rights. You dress differently, you're religious, religious people are set in a different category: you're not one of us, you don't use our kind of language."

Doc. 1-2, p. 4-5. There is no indication that these "plots" were based on sex, race or religion, or that they resulted in adverse action.

The Court notes the distinction between asserting facts at the pleading stage versus establishing facts at the summary judgment stage.

> Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' 'Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v.*

5

> *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). However, '[f]actual allegations must be enough to raise a right to relief above the speculative level' and to 'state a claim to relief that is plausible on its face.' *Twombly*, 550 U.S. at 555, 570. A plaintiff must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). At issue here, is whether Plaintiff alleged sufficient facts to allow the Court to reasonably infer a link between the claimed discriminatory conduct and her race, sex, or religious beliefs.

Illustrating this deficiency, Plaintiff herself questions why she was terminated: "Was it her work ethics, attendance, or reports of violations of Civil Rights and EEO violations what made this particular termination different from being generally? This was retaliation, wrongful termination, intimidation, discrimination, harassment, and abuse of authority. (settlement) bribery." Doc. 1-2, p. 8. Thus, Plaintiff's allegations, even if taken as true, do not form a factual basis from which to infer that her race, sex, or religion, motivated her termination or any other potential adverse employment action. Accordingly, these claims are dismissed.

### b. Retaliation (Title VII; ORC 4112)

To prevail on a retaliation claim at the motion to dismiss stage, Plaintiff must show (a) she engaged in an activity protected by Title VII; (b) the defendant knew of her protected activity; (c) the defendant took an adverse employment action against her, and (d) a causal connection existed between the protected activity and the materially adverse action. *Taylor v. Geithner*, 703 F.3d 328, 336 (6th Cir. 2013).

> 'Under Title VII, there are two types of protected activity: participation in a proceeding with the Equal Employment Opportunity Commission ('EEOC') and opposition to an apparent Title VII violation.' *Wasek v. Arrow Energy Servs.*, 682 F.3d 463, 469 (6th Cir. 2012); see also 42 U.S.C. § 2000e-3(a). An employer violates Title VII by discriminating on the basis

6

of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(2). *Briggs v. Univ. of Detroit-Mercy*, 611 F. App'x 865, 871 (6th Cir. 2015)

Plaintiff's complaint does not contain any allegations that satisfy the elements of a claim of retaliation as set forth in *Briggs*, supra. Plaintiff contends that she was "retaliated against" for reporting the various plots and her perceived issues with her co-workers. However, the complaint fails to establish any facts from which the Court could infer that her complaints were in opposition to an apparent Title VII violation. Rather, it appears that her complaints were more in the nature of a claim that she did not get along with her co-workers. Despite the broad review afforded to a pro se Plaintiff, the Court declines to create an argument for her, and these claims are dismissed.

### c. Harassment (Title VII and ORC 4112)

To survive a motion to dismiss on her harassment claim, Plaintiff must establish that: (1) she is a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on a protected trait such as race, sex, or religion; (4) the harassment had the effect of unreasonably interfering with her work performance by creating a hostile, offensive, or intimidating work environment; and (5) the Company knew or should have known of the harassment and failed to act. *Williams v. CSX Transp. Co.*, Inc., 643 F.3d 502, 511 (6th Cir. 2011).

With respect to her claims of hostile work environment, plaintiff does not allege that her co-workers harassed her based on a protected trait. Rather, the Court infers from her complaint that Plaintiff's asserts that her co-workers treated her badly and they did not get along for various reasons, none of which are a protected trait. For example, Plaintiff asserts that she suffered unfair treatment, including "harassment" and a "hostile

7

work environment" based on her work ethic, the way in which she dressed, and because she assumed the duties of former well-liked employee. Doc. 1-2, pp. 3, 4, 8, 15, 16.

Liberal construction of pro se pleadings does not abrogate basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Taking as true all the allegations in the complaint, Plaintiff primarily sets forth a workplace scenario where she was disliked by her co-workers for a multitude of reasons. This is not the type of "hostile work environment" the civil rights statutes were meant to address.

Accordingly, these claims are dismissed.

### d. Equal Pay Act[3]

The Equal Pay Act prohibits wage discrimination by covered employers "between employees on the basis of sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1).

To survive a motion to dismiss her Equal Pay Act claim, Plaintiff must "show that an employer pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." *Schleicher v. Preferred Sols., Inc.*, 831 F.3d 746, 752 (6th Cir. 2016) (Internal citations and quotations omitted).

---

[3]The Lilly Ledbetter Fair Pay Act is not an independent cause of action "but instead amends protections against discrimination in compensation under Title VII". *Dejesus v. Francois & Co.*, No. 1:18-cv-05114-JPB-AJB, 2020 U.S. Dist. LEXIS 256333, at *14 n.12 (N.D. Ga. June 18, 2020). To the extent that Plaintiff's arguments could be construed as a discriminatory disparate pay claim under Title VII, this claim is dismissed as Plaintiff failed to plead facts to infer evidence of discriminatory animus. See, *Whitt v. Kaleida Health*, 298 F. Supp. 3d 558, 574 (W.D.N.Y. 2018) ("a plaintiff must show the following: (1) he is a member of a protected class; (2) he was paid less than similarly situated non-members of his class for work requiring substantially the same responsibility; and (3) evidence of discriminatory animus.")

Plaintiff's claims regarding The Equal Pay Act and the Lilly Ledbetter Fair Pay Act are as follows:

> Path Master is in violation of equal employment opportunities, violations of Lilly Ledbetter Fair Pay Act of 2009. A caucasian male received a higher pay than the plaintiff, and violations of equal pay Act 1963. Ben Cefalo, his starting pay was much higher than plaintiffs.
> …
> Plaintiff asked for a higher pay. Path Master said they could not afford to increase the pay, but when temp Ben C, caucasian male came to the company he was hired with much more pay than plaintiff, same title Technician unequal opportunity violation of Lilly Ledbetter Fair Pay Act of 2009.
> …
> Ben C was hired with more pay. Ben C. and the plaintiff did not have that same rights. Plaintiff heard Ben C. tell another employee about how much he was getting paid, which was much more than the plaintiff. (everyone is a tech in that area) Plaintiff was subjected to racial and gender discrimination Lilly Ledbetter Fair Pay Act of 2009, and a violation of equality.

Doc. 1-2, p. 6, 17, 24.

Plaintiff has sufficiently plead an Equal Pay Act claim. Therefore, Defendants' motion to dismiss on this issue is denied and the claim remains.

### e. Defamation

To survive a motion to dismiss on her claims of defamation, Plaintiff must establish:

> (1) the defendant made a false and defamatory statement; (2) about the plaintiff; (3) published without privilege to a third party; (4) with fault of at least negligence on the part of the defendant; and (5) that was either defamatory per se or caused special harm to the plaintiff. *Gosden v. Louis*, 116 Ohio App.3d 195 (9th App. Dist. 1996) citing *Akron-Canton Waste Oil, Inc. v. Safety-Kleen Oil Serv., Inc*., 81 Ohio App.3d 591, 601 (1992).

*Braun v. Ultimate Jetcharters, Inc.*, No. 5:12cv1635, 2013 U.S. Dist. LEXIS 22325 (N.D. Ohio Feb. 19, 2013). Regarding defamation, Plaintiff summarily asserts that a co-worker lied about her hitting him. Doc. 1-2, p. 20. Such a summary statement does not survive the

9

requirements of notice pleading. Plaintiff does not point to any facts to support the specific elements necessary to establish defamation. Accordingly, this claim is dismissed.

### f. Intentional Infliction of Emotional Distress

To survive a motion to dismiss on her claims of intentional infliction of emotional distress, Plaintiff must establish:

> (1) the defendant intended to cause serious emotional distress, (2) the conduct of the defendant was extreme and outrageous, and (3) the conduct of the defendant was the proximate cause of the plaintiff's serious emotional distress. *Phung v. Waste Mgmt., Inc.*, 71 Ohio St. 3d 408, 1994-Ohio-389, 644 N.E.2d 286, 289 (Ohio 1994); *see Yeager v. Local Union 20*, 6 Ohio St. 3d 369, 6 Ohio B. 421, 453 N.E.2d 666, 671 (Ohio 1983) ("One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability[.]") (quoting Restatement (Second) of Torts § 46(1) (1965)).

*Alabasi v. City of Lyndhurst*, No. 1:19-cv-2390, 2020 U.S. Dist. LEXIS 163140, at *15-16 (N.D. Ohio Sep. 8, 2020).

Regarding her intentional infliction of emotional distress claim, Plaintiff asserts that she was

> Singled out unfairly. Path Master, caused mental anguish in the workplace, emotional distress, intentional infliction (outrage) of emotional distress. Path Master intentionally and recklessly caused emotional distress. They did nothing to stop It, Path Master et.al conduct was extreme and outrageous. Their actions caused mental distress. Path Masters unlawful conduct was extreme ridicule, stalking (being followed and watched), indecent exposure (sexual harassment), intimidation, threats of violence, hostile work environment, verbal abuse, abuse of authority, bullying, Ben, GM (go apologize) discrimination, violence and harassment, humiliation, embarrassment, who could endure such violations?

Doc. 1-2, p. 27.

Ohio courts narrowly define "extreme and outrageous" conduct. *Alabasi,* supra (internal citations omitted). "Only conduct that is truly outrageous, intolerable, and beyond the bounds of decency is actionable; persons are expected to be hardened to a considerable

10

degree of inconsiderate, annoying, and insulting behavior." *Id.* (internal quotations and citations omitted). Plaintiff's contentions do not meet this threshold. Further, beyond her conclusory statements that Defendants' "actions caused mental distress," she has not alleged any facts that would establish that she sustained emotional distress as a result of Defendants' conduct. "The emotional injury must be 'both severe and debilitating[,]' such that a reasonable person 'would be unable to cope adequately with the mental distress engendered by the circumstances of the case." *Id.*

Accordingly, Plaintiff's claim of intentional infliction of emotional distress is dismissed.

### IV. Conclusion

Defendants' motion to dismiss is GRANTED in part and DENIED in part. The Court is mindful that it has been difficult to parse out each of the individual claims conceivably contained in the complaint. However, the Court's independent review as set forth above has not revealed any claim which would survive this Court's initial screening other than Plaintiff's Equal Pay Act Claim. Accordingly, all other claims are hereby DISMISSED.

Further, as stated above, defendants Stacy Shanley, Bill Dinda, Ben Stidd, Larissa Mlynowski, Ben Cefalo, Stephen Manila, Dennis Monson, and Marilyn Pugh are DISMISSED pursuant to 28 U.S.C. § 1915(e), and the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from their dismissal could not be taken in good faith.

In sum, Plaintiff's complaint shall proceed with the sole claim of The Equal Pay act remaining as to Defendant Path Master.

IT IS SO ORDERED.

11

<u>March 13, 2023</u>                                           <u>   */s/ Judge John R. Adams*    </u>
Date                                                        JUDGE JOHN R. ADAMS
                                                             UNITED STATES DISTRICT COURT